[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff is in the business of selling and servicing heavy truck equipment. A good portion of its business is repairing cranes for the Metro North Railroad. The defendant owns a large truck crane and is in business with his father using the crane.
In April, 1988, defendant noticed oil leaking from his crane and brought it to plaintiff for repairs. Plaintiff replaced two hoses and added some oil.
In September, 1988, the crane developed another oil leak and again defendant brought the crane to plaintiff to fix it. A repair order was prepared that set forth what, at that time, was thought to be the problem. That repair order stated the following: Hoist cylinders leak at rod; Air Leak on brake chamber on rear; Air Leak under front end with max brakes on; and check alternator on truck.
Further examination revealed that more extensive repairs had to be made to the extension hoist in addition to the repairs to the lift hoist. This extension crane was taken apart and the cylinders removed. The cylinders were sent to a hydraulic shop for further repairs. When the additional problems were discovered, defendant was notified and he told plaintiff to go ahead and fix them.
The crane was fixed in November and returned to defendant. Although some further leaks developed, they were fixed at no additional expense to defendant.
The bill that plaintiff presented to defendant amounted to $12,056.43, of which $5,000.00 was paid, leaving a balance of $7,056.43 that the plaintiff now claims plus interest and attorney's fees.
Plaintiff, on the one hand, is claiming an express contract based on the repair order of September 28, 1988. On the other hand, it claims it is due the reasonable value of the services based on time and materials. It cannot recover under both theories. Charter Oak Estates Inc. v. Kearney160 Conn. 522, 530. The repair order of September 28, 1988 does not amount to an express contract as it does not contain all of the elements of a binding contract, such as price and a clear definition of the work to be performed. Consequently, the plaintiff is not entitled to interest and attorney's fees.
Plaintiff moved to amend its complaint by changing the completion CT Page 3154 date from October 19 to November 29, 1988. Defendant was fully aware of the dates that were involved in repairing the crane. The amendment does not surprise nor prejudice the defendant in any manner. The motion to amend the complaint to conform to the proof is granted.
The defendant claims that the charges made for materials were excessive. Plaintiff, provided testimony that the charges that were made for the materials came from a price list. That testimony was credible.
Defendant further claims that the rate of $50.00 per hour was excessive. The rate was posted at plaintiff's place of business and defendant was aware of the charge. His complaint is not valid now.
Defendant also claims that the time spent on various aspects of the work was not reasonable. After examination of the time cards and testimony of defendant's witness, Iannone, it is found that the time charged to defendant should be adjusted.
Plaintiff has charged defendant for 103.3 hours. The reasonable time proven by the plaintiff is for 86.9 hours.
Judgment should enter for the plaintiff for $6,236.43
RESPECTFULLY SUBMITTED, ROBERT E. QUISH ATTORNEY/REFEREE